SUPREME COURT OF THE STATE OF NEW YORK          Decision and
COUNTY OF KINGS: CRIMINAL TERM: PART 25          Order

-------------------------------------------------------------------X          Ind.#: 8251-2004

PEOPLE OF THE STATE OF NEW YORK

                              -against-
                                                              Hon. Vincent Del Giudice
                                                              Dated: June 5, 2012

SHELDON THOMAS

-------------------------------------------------------------------X

On November 1, 2006, a Kings County petit jury found the defendant guilty of one count of Murder in the Second Degree, five counts of Attempted Murder in the Second Degree, five counts of Attempted Assault in the First Degree and other assorted charges.[1] On January 30, 2007, the defendant was sentenced to twenty-five years to life (Del Giudice, J, at trial and sentence).

The defendant's direct appeal was denied (*People v Thomas*, 65 AD3d 1170 [2nd Dept 2009]). The Appellate Division held that: the citizen informant was a reliable witness and had some basis of knowledge for the information given to the police; although the citizen informant identified another perpetrator in a photographic array, the person so identified had the same name as the defendant, looked like the defendant and lived in the same area of the city as the defendant; the arrest of a person who is mistakenly thought to be someone else is legally valid so long as the arresting officer has probable cause to arrest the person sought and the officer reasonably believed the person arrested was the person sought; the lineup was properly conducted; evidence produced at

---

[1] Defendant's two co-defendants, Dalton Walter and Ernesto Sergeant, were acquitted of all charges.

trial of the defendant's guilt was "overwhelming"; the defendant's claim regarding the admissibility of the prison's visitor log was unpreserved for appellate review.  Leave to appeal was denied (*People v Thomas*, 13 NY3d 942 [2010]).

Defendant's application for a writ of error *coram nobis,* alleging ineffective assistance of appellate counsel, was denied (*People v Thomas*, 79 AD3d 1153 [2nd Dept 2010]).  Leave to appeal was denied (*People v Thomas*, 17 NY3d 802 [2011]).

By moving papers dated December 7, 2011, the defendant has filed, through counsel, a motion to vacate his judgment of conviction and to set aside his sentence.[2]  The People have filed an answer in opposition, dated April 17, 2012.

Defendant claims his judgment of conviction must be vacated and raises several grounds for the relief he is requesting:

(1) The admission of the in-court lineup identifications of the defendant, without any independent source or other reliability determination, violated defendant's rights to due process because the non-blind identification procedures employed were unconstitutionally suggestive as a matter of law.

(2) Even if non-blind identification procedures are not *per se* unconstitutionally impermissibly suggestive, the identification procedures employed in this case rendered the admission of the identifications of the defendant unreliable and inadmissible.

---

[2]The motion for the admission *pro hac vice* of Lesley C. Risinger, Esq., as co-counsel with Donald Yanella, is granted, without opposition.  Defense counsel's request for oral argument, however, is denied.

2

(3) Because Aliyah Charles was not a percipient identification witness, her in-court and lineup identifications should have been excluded and their admission violated due process.

(4) Since Ms. Charles was not an actual eyewitness, her claim of direct knowledge was the result of witness manipulation by the police.

(5) Prosecutorial misconduct and *Brady* violations impaired the defendant's ability to prepare a defense and undermined the fact finding integrity of the court.

(6) Defendant was denied the effective assistance of trial counsel.

(7) Newly discovered evidence demonstrates that it is extremely unlikely that Ms. Charles identified photo number 5 because of the resemblance between that person and the defendant.

(8) The procedural bars set forth in CPL 440.10(2) are inapplicable in this case.

The People contend the defendant's claims are, for the most part, statutorily barred from this court's review, either because they rely on sufficient on-the-record facts so that they could have been raised on defendant's direct appeal, or that sufficient facts could have been placed on the record so that these issues could have been raised on direct appeal. The People claim the defendant's remaining claims should be rejected because he fails to support his claims with sufficient sworn or credible allegations of fact and that the issues presented are, nevertheless, without merit and that all remaining claims fail to meet the statutory requirements of CPL 440.10(1)(g).

3

CPL 440.10 is a mechanism whereby a convicted defendant may challenge his judgment of conviction based upon facts not appearing in the record and which undermine the legitimacy of the judgment *(People v Crimmins*, 38 NY2d 407, 413-414 [1975]). To obtain relief, a defendant must raise and satisfy one of the eight grounds enumerated in CPL 440.10 (1)(a-h).

To overcome the presumption of regularity which attaches to a judgment of conviction, a defendant is required to come forward with sworn allegations of fact sufficient to demonstrate that the non record facts sought to be established would entitle him to the relief requested *(People v Satterfield*, 66 NY2d 796, 799 [1985]; *see also People v Ozuna*, 7 NY3d 913, 915 [2006]; *People v Session*, 34 NY2d 254, 255-256 [1974]; *People v Waymon*, 65 AD3d 708, 709 [2nd Dept 2009]; *People v Crippen*, 196 AD2d 548, 549 [2nd Dept 1993], *lv denied* 82 NY2d 848). Mere conclusory allegations of ultimate facts are insufficient to entitle defendant to the relief requested or to an evidentiary hearing *(People v Brown*, 56 NY2d 242, 246-247 [1982]; *People v Bacchi*, 186 AD2d 663, 664-665 [2nd Dept 1992]; *People v. Purcell*, 160 AD2d 899, 899 [2nd Dept 1990], *lv denied* 76 NY2d 863).

However, CPL 440.10 is not a substitute for a direct appeal and it is not an opportunity for a defendant to raise claims that could have been raised on direct appeal (CPL 440.10 [2][c]); *People v Cooks*, 67 NY2d 100, 103 [1986]; *People v Williams*, 5 AD3d 407, 407 [2nd Dept 2004], *lv denied* 3 NY3d 650; *People v Byrdsong*, 234 AD2d 468, 469 [2nd Dept 1996], *lv denied* 70 NY2d 873; *Purcell*, 160 AD2d at 899). Notwithstanding the procedural bar requiring the submission of sworn allegations of fact in support of defendant's challenge to the validity of the judgment (CPL 440.30 [1]), CPL 440.10 (2)(c) mandates

that a count deny a post-judgment motion to vacate judgment whenever sufficient facts appear on the record so that an issue may be adequately reviewed on direct appeal and the defendant unjustifiably failed to raise the claim on appeal *(People v Stewart*, 16 NY3d 839, 840-841 [2011]; *People v Cuadrado*, 9 NY3d 362, 364 [2007]; *People v Cooks*, 67 NY2d 100, 104 [1986]; *People v Chiu Mei Lan Kwok*, 51 AD3d 814, 815 [2nd Dept 2008]; *People v Cochrane*, 27 AD3d 659, 660 [2nd Dept 2006], *lv denied* 7 NY3d 787, *cert denied* 549 US 976; *Byrdsong*, 234 AD2d at 469; *People v Berezansky*, 229 AD2d 768, 771 [2nd Dept 1996], *lv denied* 89 NY2d 919).[3]

With respect to the defendant's claims regarding the reliability and suggestiveness of the lineup and the admissibility of Aliyah Charles' trial testimony, those issues are procedurally barred because sufficient facts appear on the record of the proceedings underlying the judgment to have permitted adequate review of the ground or issue raised upon defendant's direct appeal (CPL 440.010 [2][c]).

Additionally, the Appellate Division has already held that:

Aliyah Charles was a reliable witness and had some basis of knowledge for the information she gave to the police; although Ms. Charles identified another person in the photo array, the person she identified had the same name as the defendant, looked like the defendant and lived in the same general area as the defendant, thereby validating the mistaken arrest of the defendant and the subsequent identification of the defendant at a line-up.

---

[3]Of course, if the judgment is appealable or pending appeal and sufficient facts appear on the record with respect to the ground or issue raised to permit adequate review thereof (CPL 440.10 [2][b]), the Court is barred from considering such issues in a post-judgment motion (CPL 440.10 [2][b]).

Accordingly, defendant's contentions with respect to the admissibility of Aliyah Charles' identification of the defendant must be denied because the ground or issue raised was previously determined on the merits upon an appeal from the judgment (CPL 440.10 [2][a]).

With respect to defendant's claim that these allegations survive the procedural bars of CPL 440.10 (2) because he received ineffective assistance of appellate counsel, since appellate counsel inadequately or totally failed to address the issues presented herein on defendant's direct appeal, his current application must be denied, pursuant to CPL 440.30 (4)(a), because the moving papers fail to allege a ground constituting a legal basis for the motion. This court has no jurisdiction to review the quality and competency of appellate counsel and cannot hold, as a matter of law, that defendant's unjustifiable failure to raise the disputed claim on his direct appeal is the result of ineffective assistance of appellate counsel (*People v Bachert,* 69 NY2d 593, 597 [1987]; *People v Cuadrado,* 37 AD3d 218, 222-223 [1st Dept 2007], *affirmed* 9 NY3d 362). Such issues must be raised in the Appellate Division in a *coram nobis* application. Defendant, however, has already filed such a motion and the Appellate Division has already determined that the defendant failed to establish that he was denied the effective assistance on appellate counsel (CPL 440.10 (3)(b); *Thomas,* 79 AD3d at 1153).

Defendant's claim that Detective Reedy lied when he testified at the suppression hearing that he never met defendant prior to his arrest must be summarily denied, despite the submission of factual affidavits, because defendant could have easily made this part of the record during the cross examination of Detective Reedy, at either the pre-trial hearing or during trial, but failed to do so (CPL 440.10 [3][a]).

6

With respect to the defendant's claims of prosecutorial misconduct and alleged *Brady* violations[4], these allegations rely on facts that either appear on the face of the record (CPL 440.10 [2][c]) or could have been placed on the record to preserve for appellate review (CPL 440.10 [3][a]) and are hereby denied.

Defendant also claims he was denied the effective assistance of trial counsel.   As stated recently by our Appellate Division, Second Judicial Department:

> "The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Cason*, 90 AD3d 777, 777, *quoting People v Rivera*, 71 NY2d 705, 708; *see* US Const Sixth Amend; NY Const, Art I, §6; *People v Bowles*, 89 AD3d 171). "Under the New York State standard for the effective assistance of counsel, [s] long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the Constitutional requirement will have been met" (*People v Cason*, 90 AD3d at 777, *quoting People v Baldi*, 54 NY2d 137, 147; *see People v Bernardez*, 85 AD3d 936, 937).

(*People v White*, --- AD3d----, [2nd Dept 2012], 2012 NY Slip Op 03675).

"The phrase 'meaningful representation' does not mean 'perfect representation'" (*People v Ford*, 86 NY2d 397, 404 [1995], *quoting People v Modica*, 64 NY2d 828, 829 [1985]). "Isolated errors in counsel's representation

---

[4]*Brady v Maryland*, 373 US 83 (1963).

generally will not rise to the level of ineffectiveness unless the error is 'so serious that defendant did not receive a fair trial'" (*People v Henry*, 95 NY2d 563, 565-566 [2000], *quoting People v Flores*, 84 NY2d 184, 188-189 [1994]). A defendant must demonstrate that trial counsel's mistakes were so egregious that they denied him a fair trial (*People v Benevento*, 91 NY2d 708, 713-714 [1988]).  In the end, a claim of ineffectiveness is ultimately concerned with the "fairness of the process as a whole rather than the particular impact on the outcome of the case" (*People v Caban*, 5 NY3d 143, 156 [2005], *citing People v Benevento*, 91 NY2d 708, 714 [1998]).

In assessing whether a defendant has been deprived of meaningful representation, the court must also consider whether counsel's errors prejudiced that defendant (*People v Stultz*, 2 NY3d 277, 284 [2004]) and courts should be "skeptical of an ineffective assistance of counsel claim in the absence of any showing of prejudice" (*id.*, at 284; *Benevento*, 91 NY2d at 713 - 714).

Defendant claims trial counsel:

failed to meet with him while he was incarcerated;

failed to investigate a potential alibi defense;

failed to highlight that Detective Reedy presented perjured testimony at the suppression hearing;

 inexplicably cross examined the wrong police officer regarding prior contacts by the police with the defendant; and

provided a weak defense at trial.

The People have submitted a sworn affidavit from defendant's trial counsel.  In his affidavit, counsel affirms that he hired an investigator and conferred with defendant extensively.  While counsel did not travel to Rikers

Island to meet with the defendant, he spoke to the defendant several times on the phone as well as inside the courtroom.

With respect to defendant's claim that counsel was inadequately prepared because he was surprised to discover, only at the *Wade* hearing, that the black and white photocopied photo array exhibits he received did not contain a picture of the defendant, such is easily understood in light of motion practice in this county. During the *Wade* hearing, the People provided counsel the opportunity to view the original color photo array for the first time. At that point, counsel clearly noticed that his client was not in the original array and brought the situation to the hearing court's attention.

Defendant's moving papers spend an inordinate amount of time faulting trial counsel's representation because trial counsel did not challenge the admissibility of the lineup identification as a result of it not being "double blind" and that trial counsel allegedly made no use of the most recent literature about the suggestiveness of traditional lineup procedures. In his affidavit in opposition to defendant's motion, trial counsel affirms his efforts were primarily focused on Ms. Charles' questionable ability to identify the defendant as being inside the shooters' car, as well as on any police conduct which may have influenced her identification.

There can be no deprivation of effective assistance of counsel arising from counsel's failure to make a motion that has little or no chance of success (*Caban*, 5 NY3d at 152; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Gibson*,— AD3d —, [2nd Dept 2012], 2012 NY Slip Op 03662; *People v Ingram*, 80 AD3d 713, 714 [2nd Dept 2011], *lv denied* 16 NY3d 831; *People v Terrell*, 78 AD3d 865, 866 [2nd Dept 2010 ]; *People v Goddard*, 72 AD3d 839, 840 [2nd Dept 2010]).

Finally, the defendant has failed to sustain his burden of providing sworn allegations of fact sufficient to support his claim that trial counsel failed to pursue an alibi defense at trial (CPL 440.30 [4][b] and [d]).

Upon reviewing the record, this Court concludes that counsel provided meaningful representation, insofar as he employed "a trial strategy that might well have been pursued by a reasonably competent attorney" (*People v Evans*, 16 NY3d 571, 575 [2011], *cert denied* 132 S.Ct 325; *Benevento*, 91 NY2d at 712; *Baldi*, 54 NY2d at 147; *People v White*, — AD3d — [2nd Dept 2012], 2012 NY Slip Op 03675; *Cason*, 90 AD3d at 777).

In light of the determination by the Appellate Division that "the evidence of defendant's guilt ... was overwhelming" (*Thomas*, 65 AD3d at 1172), I find the defendant was provided with meaningful representation and has failed to demonstrate that counsel's mistakes were so egregious that they denied him a fair trial.

Defendant also seeks to vacate judgment, pursuant to CPL 440.10 (1)(g), upon the ground that new evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial which could not have been produced at trail even with due diligence and which is of such character as to create a probability that had such evidence been received at trail the verdict would have been more favorable to the defendant.

Defendant claims the judgment should be vacated on the basis of a study conducted by defendant's current post-judgment counsel, in which thirty-two members of the Black Law Students' Association chapters at Seton Hall and Rutgers Law School were asked whether they would mistakenly misidentify the Sheldon Thomas in the police photo array shown to Aliyah Charles with the

defendant.  In the study commissioned by the defense, in anticipation and in support of this motion, the participants in the study were allegedly able to differentiate the defendant from the Sheldon Thomas whose photo was included in the photo array.  From this study, counsel concludes that no reasonable person in Aliyah Charles' position could have mistakenly identified #5 in the photo array as being a photograph of the defendant and that her selection must have been the result of police misconduct.

"A motion to vacate a judgment of conviction upon the ground of newly discovered evidence rests within the discretion of the hearing court *(People v Malik*, 81 AD3d 981, 981, [2nd Dept 2012]; *People v Tankleff*, 49 AD3d 160, 178 [2nd Dept 2007]; *see also People v Salemi*, 309 NY 208, 215 [1955], *cert denied* 350 US 950.

"Newly discovered evidence in order to be sufficient must fulfill all the following requirements:

1. It must be such as will probably change the result of a new trial is granted;
2. It must have been discovered since the trial;
3. It must be such as could have not been discovered before the trial by the exercise of due diligence;
4. It must be material to the issue;
5. It must not be cumulative to the former issue; and,
6. It must not be merely impeaching or contradicting the former evidence."

(*Salemi*, 309 NY at 215 - 216, *citing People v Priori*, 164 NY 459, 472 [1900]).

Defendant has failed to meet all of the factors cited by the Court of Appeals in *Salemi*. This is not newly discovered evidence. It is purported to be a scientific study, but it was not subjected to peer review. It was conducted five years after the defendant's sentencing and relies upon the opinion of a small, non-diverse group of study participants (thirty-two students from two New Jersey law schools), for the proposition that since the study participants were able to differentiate between the men depicted in two arrest photos, a trial witness' inability to differentiate between two identical photos must have been the result of police misconduct.

Defendant has initially failed to convince this Court that the study he has submitted is newly discovered evidence. This is merely newly "created" evidence; created specifically in support of this motion. Defendant has failed to establish that had the jury received the results of this study it would have likely resulted in a more favorable defense verdict. Merely because a majority of thirty-two law students were able to differentiate between the facial characteristics of two individuals does not mean that another person's inability to do so compels the conclusion that such person is lying or has been manipulated into a false identification as the result of police misconduct.

Defense also alleges, without any supporting basis, that the witness was unable to make the appropriate distinction because of police misconduct and that this malfeasance caused the witness to erroneously select the defendant as one of the perpetrators.

The Court finds the case study submitted by the defense to be of no evidentiary significance. Therefore, defendant's motion to vacate judgment, based upon the alleged newly discovered evidence, is denied.

Finally, defendant also claims that despite the procedural bars that require denial of the vast majority of his current claims, this court should, nevertheless, disregard the law of this State and "correct its own errors, in order to address the weighty Constitutional claims on the merits and to do substantial justice" (Defendant's Memorandum of Law, at 96).

Counsel failed to present this court with any appellate authority for his bold and radical proposal. This court humbly declines counsel's suggestion that I override over two hundred years of settled constitutional law and address each of the issues submitted on the merits.

Accordingly, for the reasons set forth herein, defendant's motion to vacate judgment is hereby denied.

This constitutes the Decision, Opinion and Order of the Court (CPL 440.30 (7)).

Hon. Vincent M. Del Giudice
Judge of the Court of Claims
Acting Supreme Court Justice

_____

Vincent M Del Giudice
Judge of the Court of Claims
Acting Supreme Court Justice

Dated: June 5, 2012
Brooklyn, New York



13